UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SARA SUAREZ

                    Plaintiff,

-against-

HEIBERGER & ASSOCIATES, P.C.
JAMIE L. HEIBERGER.

                    Defendants.

-------------------------------------------------------------X

Case No.: _____  JUDGE KOELTL

14 CV 9561

RECEIVED DEC 01 2014 U.S.D.C. S.D.N.Y.

## ORIGINAL COMPLAINT

Plaintiff Sara Suarez brings suit against Defendant debt collectors for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and New York Judiciary Law § 487, and in support alleges as follows.

### A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law under the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in New York, New York.

### B. PARTIES

1

3. Plaintiff Sara Suarez is an individual residing in New York County, New York.

4. Defendant HEIBERGER & ASSOCIATES, P.C. is a domestic professional corporation with its principal place of business at 589 8th Avenue, 10th Floor, New York, NY 10018. Said Defendant may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231.

5. Defendant JAMIE L. HEIBERGER is an attorney at the P.C. with a principal place of business at 589 8th Avenue, 10th Floor, New York, NY 10018.

## C. STATEMENT OF FACTS

6. On December 4, 2013, the Defendants commenced a non-payment of rent summary proceeding against Ms. Suarez on behalf of her landlord, 618 Academy Street, LP ("the Landlord"), seeking over $15,000 in rent arrears and possession of the premises. *See* Exhibit A.

7. Defendant JAMIE L. HEIBERGER ("Ms. Heiberger") signed the verified complaint on behalf of the firm, HEIBERGER & ASSOCIATES, P.C. (the "PC").

8. By signing, filing, and serving the verified petition Defendants impliedly represented to Ms. Suarez that an attorney had done a meaningful review of the facts and circumstances of her account.

9. The rents sought in the verified petition and rent demand notice varied from $581.38 per month to $651.69 per month.

10. Ms. Suarez appeared pro se and answered orally to the petition stating that the rent was paid.

11. On the same date the petition was verified, December 4, 2013, the Landlord commenced an administrative proceeding with the NYS Division of Housing and Community Renewal seeking to restore rents that had been reduced and frozen in Ms. Suarez's apartment and in others

in an Order Reducing Maximum Rent, dated January 13, 1993 in Docket No. ZG30034HW for failure to provided adequate hot water.

12. According to a certified copy of the DHCR Rent Registration History, the rent for the premises pursuant to the DHCR Rent Reduction Order of January 13, 1993 would be $338.21 per month frozen at that amount until such time as the Order was lifted. Upon information and belief, the order has not been lifted.

13. Ms. Suarez proceeded with the summary proceeding unrepresented and unaware of the rent reduction order from 1993 or the application to lift the order.

14. Ms. Suarez made a number of payments of rent in court during the course of the proceedings and on May 22, 2014 she settled the proceeding, still unrepresented, agreeing to a judgment on consent of $5719.31 through May 2014 and paid $1162.76 leaving a balance of $4556.55 due on the judgment. She further agreed to pay the balance plus June 2014 rent by June 30, 2014 or be subject to eviction.

15. Unable to procure all the agreed to rent arrears from HRA by the end of June Ms. Suarez applied for an Order to Show Cause on July 2, 2014 indicating that she was waiting on HRA to approve payment of her rent arrears.

16. On July 14, 2014 the motion was settled providing her additional time to pay the judgment and additional rents.

17. Almost immediately subsequent to July 14, 2014 Ms. Suarez learned of the existence of the rent reduction order from January 1993 and further learned that she might be entitled to a rent overcharge award and penalties based upon her history of paying illegal rents for many years. Defendants had duped Ms. Suarez into signing the prior settlements and to pay amounts by withholding knowledge of the rent reduction and by representing in a verified petition that

certain rent payments were due when they were not.

18. Defendants withheld the knowledge of the rent reduction order willfully and wantonly for the purpose of duping Ms. Suarez into making payments and entering into *pro se* stipulations of settlement that she would not have had. In the alternative, Defendants filed the verified complaint with a conscious disregard as to whether the statements in the complaint as to the amount of the rent and the number of rent payments owed were accurate. At the very least, Defendants had no policies and procedures in place to determine if the amounts they seek in verified complaint is accurate.

19. The stipulations Ms. Suarez was duped into signing also threatened to the least sophisticated consumer that perhaps Defendants may be entitled to attorney's fees when they have no right to fees and plead no right to fees in their verified complaint.

20. On July 24, 2014, still unrepresented, Ms. Suarez applied for an Order to Show Cause seeking to stay her eviction, vacate the judgment and warrant and restore the case to the calendar, and for such other and further relief as may be just. Her affidavit in support of the Order to Show Cause stated at Paragraph 3 labeled Excuse that "receipts to show Judge that I don't own (sic) the money ..." and at Paragraph 4 Defense "I have proof that I don't own (sic) all the money and I have rent reduction."

21. On August 4, 2014, the first return date of the Order to Show Cause, the Northern Manhattan Improvement Corp. ("NMIC") appeared as counsel for Ms. Suarez. NMIC a legal services entity providing legal services to low-income New Yorkers.

22. Subsequent to NMIC's appearance and an agreed to briefing schedule, Defendants informed the court that his client had sold the building.

23. On October 14, 2014 counsel for the purported new owner appeared in court. On that

date a new briefing schedule was agreed to and at that time counsel for NMIC shared with new counsel the January 13, 1993 Rent Reduction Order Docket No. ZG30034HW and indicated that it appeared that there were massive overcharges of rent paid by the Respondent over the years and that she did not owe any of the money sought in the petition.

24. The proposed new Petitioner-Landlord has now opposed Ms. Suarez's motion and seeks an order permitting it to substitute for the original Petitioner, 618 Academy Street, LP.

25. Remarkably, the papers in opposition make not a single mention of the exhibits (the accounting and the Rent Reduction Order) attached to the Respondent's Order to Show Cause and her supporting affidavit. Nor do they address her statements in her affidavit that there is a rent reduction order in effect and that she now has proof that she did not owe the rents for which she was sued.

26. Instead, the entire opposition to the Order to Show Cause appears to be boiler plate opposition regarding a tenant's inability to secure sufficient funding to pay the judgment and the consequences and discretion the court has in those situations.

27. This matter is far simpler as Ms. Suarez has provided proof that even without accounting for the reduced rent she is entitled to she owes far less money than she was sued for. If her in-court payments of rent throughout the proceeding are added up she would owe no money at all.

28. The Rent Reduction Order from 1993 remains in effect and was only discovered by Ms. Suarez in July of this year. It reduces her rent to a level that leaves her with a significant claim of overcharged rents and penalties.

29. Ms. Surez also brought to court proof of payment of many of the months of rent Defendants sought to collect. but Defendants had no interest in dealing with that and continued to seek the full number of months of payments. Therefore. even if any any circumstances

Defendants did not originally know they were seeking payment for were incorrect, they fully ratified the fraud by failing to correct the amounts sought to be collected in the verified complaint.

30.     A hearing for Ms. Suarez's order to show cause to vacate the stipulations – originally filed in July, 2014 -- to vacate the stipulations is currently set for December 18, 2014.

31.     Defendants' actions have inflicted damages on Ms. Suarez. Since being served with the verified complaint seeking amounts not almost a year ago Ms. Suarez has suffered frustration and anxiety, constantly worrying what she was going to do to pay the amounts she in fact does not owe. This constant stress and anxiety has worn her down. Foe the last year she has had extreme difficulty sleeping, tossing and turning and lying awake approximately half the nights over the last year, and that stress continues. She also has paid amounts she did not legally owe. She has had to spend many hours going back and forth to court on this matter, with nearly a dozen court settings in the last year. Should Ms. Suarez be able to vacate to vacate judgments entered on fraudulently induced settlements, she would then be entitled to recoup in this FDCPA action damages flowing from the judgment.

### D.     COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

33.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has

legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

34. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

35. The obligation Defendants allege to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative rent obligation was incurred primarily for family, personal or household purposes.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

37. Defendant P.C. is a law firm the regularly attempts to collect putative consumer debts allegedly owed to another. In particular, the firm files thousands of collection lawsuits against consumer tenants seeking to obtain allegedly past due rents.

38. Defendant PC is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

39. Defendant Ms. Heiberger is the principal at the P.C. and, on information and belief, is responsible for the control and supervision of the P.C.'s debt collection activities. On information and belief the vast majority (if not all) of the thousands collection lawsuits filed by the P.C. go out under the putative signature of Ms. Heiberger. Ms. Heiberger purportedly signed

the verified complaint in the collection lawsuit against Ms. Suarez.

40. Defendant Ms. Heiberger is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

41. The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

42. Defendants violated the following sections of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; the false representation or implication that any individual is an attorney or that any communication is from an attorney; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### E. COUNT 2: NEW YORK JUDICIARY LAW § 487 *ET SEQ.*

43. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. New York Judiciary Law § 487 creates a private right of action against an attorney or

counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

45. Defendants are "an attorney or counselor" within the meaning of New York Judiciary Law § 487.

46. Defendants' conduct as stated in the statement of facts violates New York Judiciary Law § 487.

47. The violations of § 487 by Defendants inflicted damages, for the reasons and in the manner previously indicated.

48. Plaintiff is entitled to actual damages, treble damages, and attorneys' fees and costs for the Defendants' violations of N.Y. Judiciary Law § 487, and Plaintiff so seeks.

### F. JURY DEMAND

49. Plaintiff demands a trial by jury.

### G. PRAYER

50. WHEREFORE, Plaintiff requests the following relief:

a. A declaration that all Defendants have committed the violations of law alleged in this action;

b. Statutory damages under 15 U.S.C. § 1692k;

c. Treble and exemplary damages under Judiciary Law § 487;

d. A judgment for actual, statutory, and treble damages;

e. Prejudgment and post judgment interest as allowed by law;

f. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated: Brooklyn, New York
December 3, 2014

Respectfully submitted,

Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

10

L&I Index No
CIVIL COURT CITY OF NEW YORK
County of NEW YORK                                          2013    Housing Part

618 ACADEMY STREET, LP                                      CIVIL COURT CITY OF NEW YORK
                                                            County of NEW YORK
                              Landlord
                                                                                            HOUSING PART
                against
                                                            618 ACADEMY STREET, LP
SARA SUAREZ
618 ACADEMY STREET                                                                                    Petitioner
APT 3G                        Tenant
NEW YORK, NY 10034                                                      against

                                                            SARA SUAREZ
Amount Claimed $    15,690.65  Undertenant                  618 ACADEMY STREET, APT 3G
                                                            NEW YORK, NY 10034
DWELLING
LP02-05-3G, 91688                                                                 Respondent (Tenant)
                                                                                  Address
NOTICE OF
PETITION NON-PAYMENT                                        First Name of Tenant and/or Undertenant being fictitious and unknown to petitioner.
                                                            Person intended being in possession of the premises herein described.
Nothing contained in this Petition is intended to
limit or impair Respondents rights to dispute the                                 Respondent (Undertenant)
debt or to request verification of the debt or the
name and address of the original creditor as
described in the annexed rent demand.                       To the respondent(s) above named and described, in possession of the premises hereinafter described or claiming
                                                            possession thereof:
                                                            PLEASE TAKE NOTICE that the annexed petition of 618 ACADEMY STREET, LP
                                                            verified 12/4/2013 prays for a final judgment of eviction, awarding to the petitioner possession of premises described as follows:   NOTICE OF PETITION
                                                            ALL ROOMS APARTMENT 3G Located at 618 ACADEMY STREET NEW YORK, NY 10034                                                                Non-Payment
                                                            County of NEW YORK in the City of New York, as demanded in the petition.                                                               DWELLING
                                                            TAKE NOTICE also that demand is made in petition for judgment against you for the sum of $ 15,690.65
                                                            plus the costs and disbursements of the proceeding.
                                                            TAKE NOTICE also that WITHIN FIVE DAYS after service of this Notice of Petition upon you, you must answer, either
                                                            orally before the Clerk of this Court at 111 CENTRE STREET, NEW YORK, NY 10013 County of NEW YORK City and State       IMPORTANT TO TENANT
                                                            of New York, or in writing by serving a copy thereof upon the attorneys for the petitioner, and by filing the original of such answer, If you are dependent upon a
                                                            with proof of service thereof, in the Office of the Clerk. Your answer may set forth any defense or counterclaim you may have against person in the military service
                                                            the petitioner unless such defense or counterclaim is precluded by law or prior agreement of the parties. On receipt of your answer,    of the United States or the
                                                            the Clerk will fix and give notice of the date for trial or hearing which will be held not less than 3 nor more than 8 days thereafter; at State of New York, advise the
                                                            which you must appear. If, after the trial or hearing, judgment is rendered against you, the issuance of a warrant dispossessing you   Clerk immediately, in order to
Attorney for Petitioner                                     may, in discretion of the Court, be stayed for FIVE days from the date of such judgment.                                               protect your rights.
HEIBERGER & ASSOCIATES, P.C.                                TAKE NOTICE also that if you fail to interpose and establish any defense that you may have to the allegations of the petition,
Attorneys at Law                                            you precluded from asserting such defense or the claim on which it is based in any other proceeding or action.
589 Eighth Avenue, 10th floor                                     In the event you fail to answer and appear, final judgment by default will be entered against you by a warrant dispossessing you
New York, NY 10018                                          will not be issued until the tenth day following the date of the service of this Notice of Petition upon you.
212 532-0500                                                      TAKE NOTICE that under Section 745 of Real Property Actions and Proceedings Law, you may required by the Court to make
Attorney Debt Collector                                     a rent deposit, or rent payment to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or
                                                            final determination has not been made by the court within 30 days of the first appearance. Failure to comply with an initial rent deposit
                                                            or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits
                                                            or payments may result in an immediate trial on issues raised in your answer.

                                                                               Dated   12/4/2013

                                                                                                                   CAROL ALT
                                                                                                     Chief Clerk of the CIVIL COURT CITY OF NEW YORK

L&T Index No 90140
CIVIL COURT CITY OF NEW YORK
County of NEW YORK          Housing Part  2013

618 ACADEMY STREET, LP
                                          Landlord
        against
SARA SUAREZ                               Tenant
618 ACADEMY STREET
APT 3G
NEW YORK, NY 10034
                                          Undertenant

Amount Claimed $                          15,690.65
DWELLING
LP02-05-3G_91688
PETITION NON-PAYMENT

Notice of Petition served on _____
Notice of Petition returned on _____
Notice of Petition issued on _____
Tenant appears on _____
But fails to answer
Answer is _____
Tenant answers on _____

Set for Trial on _____
Landlord notified on _____
Sufficiency of answer referred
to court
Raises _____                        issue
_____                               Judge

Attorney for Petitioner
HEIBERGER & ASSOCIATES, P.C.
Attorneys at Law
589 Eighth Avenue, 10th floor
New York, NY 10018
212 532-0500
Attorney Debt Collector

---

THE PETITION OF 618 ACADEMY STREET, LP alleges: upon Information and Belief:

1. Petitioner(s) is(are) the landlord(s) of the premises.
2. Respondent(s) SARA SUAREZ is (are) tenant(s) in possession of said premises pursuant to a WRITTEN rental agreement made heretofore wherein respondent promised to pay to landlord or landlord's predecessor as rent $ 581.38 each month in advance on the 1ST day of each month.
3. Intentionally deleted.
4. Respondent(s) are now in possession of said premises. Said premises are the residence of the tenant(s) herein.
5. The premises from which removal is sought were rented for DWELLING purposes and are described as follows: ALL ROOMS APARTMENT 3G in building known as 618 ACADEMY STREET situated within the territorial jurisdiction of the Civil Court of the City of New York, County of NEW YORK
6. Pursuant to said agreement there was due from respondent tenant(s), the sum of $ 15,690.65 in rent and additional rent (*) as follows:   WASHER CHARGES $535.04   A/C $125.00

| | | | |
|---|---|---|---|
| 12/13 $581.38 | 11/13 $581.38 | 10/13 $581.38 | 09/13 $581.38 | 08/13 $581.38 |
| 07/13 $581.38 | 06/13 $581.38 | 05/13 $581.38 | 04/13 $581.38 | 03/13 $581.38 |
| 02/13 $581.38 | 01/13 $581.38 | 12/12 $581.38 | 11/12 $581.38 | 10/12 $581.38 |
| 09/12 $581.38 | 08/12 $581.38 | 07/12 $651.69 | 06/12 $651.69 | 05/12 $651.69 |
| 04/12 $651.69 | 03/12 $651.69 | 02/12 $651.69 | 01/12 $651.69 | 12/11 $585.32 |

7. THE PREMISES ARE SUBJECT TO THE RENT STABILIZATION LAW OF 1969 AS AMENDED AND HAVE BEEN DULY REGISTERED WITH THE N.Y. STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL-DHCR- AND THE RENT DEMANDED HEREIN DOES NOT EXCEED THE REGISTERED RENT AND DOES NOT EXCEED THE LAWFUL RENT STABILIZED RENT.

8. Said rent has been demanded By THREE Day Written-Notice from the tenant(s) since same become due.
9. Respondent(s) have defaulted in the payments thereof and continue in possession of premises without permission after said default.
10. The premises are a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named bellow, a natural person over 21 years of age, to be in control of and responsible for maintenance and operation of the dwelling.

Agent:   JEFF STELLA                                Multiple Dwelling No.
         1601 BRONXDALE AVENUE         BRONX, NY 10462           103140

WHEREFORE Petitioner requests a final judgment against respondent(s) for the rent demanded therein, awarding possession of the premises to petitioner landlord, and directing the issuance of a warrant to remove respondent(s) from possession of the premises together with costs and disbursements of this proceeding.   Dated:  12/4/2013
STATE OF NEW YORK, COUNTY OF NEW YORK.  The Undersigned affirms under penalty of perjury that she/he is one of the attorneys for petitioner, that she/he has read the foregoing petition and knows the contents thereof; that the same are true to her/his own knowledge except as to matters stated to be upon information and belief; and as to those matters he believes them to be true.  The grounds of his belief as to matters not stated upon her/his knowledge are statements and/or records provided by the petitioner, its agents and/or employees and contained in the file in the attorney office.  This verification is made pursuant to the provisions of RPAPL 741.

12/4/2013

JAMIE L. HEIBERGER, ESQ.
HEIBERGER & ASSOCIATES, P.C.